**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mike James Mahler,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV06-0182-PHX-SRB<br><br>**ORDER** |

    Petitioner, Mike James Mahler, filed his Petition for Writ of Habeas Corpus on January 12, 2006 raising a single claim. Petitioner urged that the imposition of consecutive sentences by the state trial judge for an alleged "single act of misconduct with a single result violated the double jeopardy clause of the U.S. Constitution." Respondents argued in opposition that Petitioner failed to exhaust his state remedies and, alternatively, that Petitioner's claims should be denied on the merits. In his Report and Recommendation the Magistrate Judge rejected the claim of failure to exhaust state remedies and Respondents have filed no objections.

    Petitioner pled guilty on October 3, 2001, to two counts of aggravated assault, one count of drive-by shooting and one count of misconduct involving weapons. When Petitioner was sentenced on the two aggravated assault counts, the trial judge imposed consecutive sentences. The legality of these consecutive sentences was presented to the trial court on

1  Petitioner's Petition for Post-Conviction Relief. In denying the Petition, the trial judge found
2  that the imposition of consecutive sentences was lawful under A.R.S. § 13-116 and not
3  volative of the prohibitions against double jeopardy because "[d]efendant's conviction and
4  sentences were based upon multiple acts and multiple victims sufficient to support the
5  sentence imposed." (Petition for Writ of Habeas Corpus, Dct. 1 p. 17).

6  In his Report and Recommendation the Magistrate Judge found that Arizona state law,
7  specifically A.R.S. § 13-116, has been interpreted by the Arizona courts to permit
8  consecutive sentences in situations where a single act results in harm to more than one
9  person. *See e.g. State v. Henley*, 141 Ariz. 465, 467, 687 P.2d 1220, 1222 (1984),
10 (consecutive sentences could be imposed where firing single bullet injured two persons);
11 *State v. Burdick*, 211 Ariz. 583, 586, 125 P.3d. 1039, 1042 (App. 2005). Petitioner's
12 aggravated assault convictions were based upon shooting at a vehicle occupied by two police
13 officers who were pursuing Petitioner who was in a car being driven by his wife. The
14 Magistrate Judge also found that the imposition of consecutive sentences for Petitioner's
15 conduct did not violate the Double Jeopardy Clause because each aggravated assault
16 conviction required proof of the assault on one victim but not the other. The Magistrate
17 Judge recommended that the Petition for Writ of Habeas Corpus be denied.

18 After receiving an extension of time Petitioner filed a timely objection to the Report
19 and Recommendation on July 10, 2008. A substantial portion of his objection addresses the
20 factual basis for his plea agreement. Petitioner argues that he should only have been
21 convicted of one count of aggravated assault because he was shooting at a police car and not
22 at the two officers who occupied the police car. This is not an issue that the Court can
23 consider on this habeas petition. The only claim before this Court is whether the imposition
24 of consecutive sentences for the two counts of aggravated assault to which Petitioner pled
25 guilty can be punished by consecutive sentences without violating the Constitution's
26 prohibition against double jeopardy. Petitioner's objection also includes his argument that
27 Arizona state law governing punishment for his crimes does not show that the legislature
28 intended to permit consecutive sentences under the circumstances presented here. This

argument is also not one that can be considered. A.R.S. §13-116 has been interpreted by the Arizona courts to permit consecutive sentences in the circumstances here and this Court cannot review the state court's decision on state law. The only issue this Court can consider is whether the imposition of consecutive sentence violates the Double Jeopardy Clause of the United States Constitution. It does not. As noted by the Magistrate Judge in his Report and Recommendation Petitioner's consecutive sentences do not violate double jeopardy because Petitioner was charged in one count with aggravated assault on victim Tasssin and in the second count with aggravated assault on victim Wilcox. What Petitioner characterized as a single shooting at a police car resulted in multiple victims. Each count required a different element of proof, namely the placing of a different victim in reasonable apprehension of imminent physical injury.

The Court finds itself in agreement with findings of the Magistrate Judge and further finds that Petitioner's objections are without merit.

IT IS ORDERED adopting the Report and Recommendation of the Magistrate Judge as the order of this Court.

IT IS FURTHER ORDERED overruling Petitioner's objection to the Magistrate Judge's Report and Recommendation.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is denied.

DATED this 18th day of July, 2008.

_____
Susan R. Bolton
United States District Judge